UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT CHIELLINI,<br>　　Petitioner,<br><br>v.<br><br>ASHBEL T. WALL, et al.<br>　　Respondent. | C.A. No. 14-441-M |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Petitioner Robert Chiellini seeks federal court review of his state court conviction and sentencing through a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1). The State of Rhode Island moves to dismiss Mr. Chiellini's Petition, asserting that the four grounds for relief contained therein were either properly rejected substantively by the Rhode Island Supreme Court or were procedurally defaulted because he failed to exhaust those claims in state court. (ECF No. 3). Mr. Chiellini counters that the state court's ruling violates his constitutional rights and seeks a stay and abeyance order on any unexhausted claims. (ECF No. 7). After reviewing the State's Motion to Dismiss and Mr. Chiellini's responsive briefing, the Court GRANTS the Motion to Dismiss.

## FACTS[1] and TRAVEL

Mr. Chiellini was charged in the 1995 stabbing death of Nicole Benvie. At his trial, after the Court had charged the jury, the trial justice received a call from an attorney not involved in

---

[1] This Court reviews the facts as described in the Rhode Island Supreme Court's decision affirming Mr. Chiellini's conviction, "supplemented with other record facts consistent with the [Rhode Island Supreme Court's] findings." *Shuman v. Spencer*, 636 F.3d 24, 27 (1st Cir. 2011) (quoting *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 62 (1st Cir. 2009)). Those facts are found in *State v. Chiellini*, 762 A.2d 450, 452-53 (R.I. 2000).

the case, who told him that a member of the jury contacted him the previous evening inquiring about the differences between first-degree and second-degree murder. The attorney did not respond to the juror's inquiry. "[T]he trial justice, in the presence of defense counsel and the prosecutor, called the juror into his chambers and questioned her on the record about her conversation with [the attorney] as well as her present state of mind." *Chiellini*, 762 A.2d at 452-53. Mr. Chiellini's attorney told the trial justice "he felt confident that the juror was not tainted by her conversation with [the attorney] and he therefore agreed to allow her to remain on the jury." *Id.* at 453. "After determining that both sides were satisfied with the court's examination of the juror and that counsel wished to continue with the trial, the trial justice and the attorneys returned to open court, where they convened again in the absence of the jury. At this time, obviously displeased upon learning what had occurred in the trial justice's chambers, defendant made a *pro se* request for a 'new jury.'" *Id.* "The trial justice assured [Mr.] Chiellini that if [the attorney] had actually spoken to the juror about the law that governed the case, then he might be inclined to pass the case and grant a new trial. But the trial justice said that the fact that [the attorney] refused to respond to the juror's inquiry quelled any of the court's concerns, and he denied Mr. Chiellini's [pro se] motion [for a new trial]." *Id.* The jury subsequently deliberated and returned a verdict of guilty of first-degree murder.

On his direct appeal to the Rhode Island Supreme Court, Mr. Chiellini challenged the denial of his motion for a mistrial based on the alleged juror misconduct. The Rhode Island Supreme Court rejected his challenge and affirmed the conviction. *Id.* at 455.

Mr. Chiellini subsequently filed an application for post-conviction relief in the state trial court pursuant to R.I. Gen. Laws § 10-9.1-1.[2] *State v. Chiellini*, PM-2001-1761, *Petition for Post-Conviction Relief*, filed May 14, 2003. In that state post-conviction petition, he raised a single ground of ineffective assistance of counsel, claiming that his attorney had not properly notified him of the details of a plea bargain offer. *Id.* The post-conviction relief trial justice found that Mr. Chiellini had "utterly failed to show that errors of the lawyers who represented him in the underlying trial proceedings 'were so serious as to violate his constitutional right to counsel.'" *State v. Chiellini*, PM-2001-1761, *Order Denying Post-Conviction Relief* at 8, filed October 10, 2003 (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (R.I. 1984)).

Mr. Chiellini appealed the denial of his post-conviction petition to the Rhode Island Supreme Court. The court rejected the appeal because it found that Mr. Chiellini had "failed to indicate the precise issues that he is challenging on appeal." *Chiellini v. State*, 95 A.3d 394, 396 (R.I. 2014). The court went on to find that there was "no basis in the record for concluding that the hearing justice clearly erred or overlooked or misconceived material evidence in denying the applicant's post-conviction relief application." *Id.* at 397.

Mr. Chiellini then filed the instant federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). His Petition asserts four grounds: (1) the trial justice failed to question other jurors to determine if the conduct of the juror calling an outside attorney had tainted other members of the jury (*id.* at 5); (2) his attorney failed to inform him of a possible plea bargain

---

[2] The court appointed three different private attorneys to represent Mr. Chiellini in his post-conviction appeal. The attorney that investigated his case, after conducting a thorough review, filed a "no merit" brief requesting to withdraw pursuant to *Shatney v. State*, 755 A.2d 130, 135 (R.I. 2000). After the state trial court granted the attorney's motion to withdraw, Mr. Chiellini subsequently proceeded pro se.

3

offer (*id.* at 6); (3) another of his attorneys failed to effectuate another alleged plea deal (*id.* at 8); and (4) the trial justice's instructions were prejudicial. (*Id.* at 10).

The State now moves to dismiss the Petition, arguing that Mr. Chiellini's first claim is barred because the trial justice's ruling was not "contrary to, or involv[ing] an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court of the United States" or based on "an unreasonable determination of the facts in light of the evidence presented." (ECF No. 3 at 5, quoting 28 U.S.C. § 2254(d)(1)). The State argues that Mr. Chiellini's second issue should be rejected because it is not supported by the record and, as "a determination of a factual issue made by a State court," it is presumed to be correct. (*Id.*, quoting 28 U.S.C. § 2254(e)(1)). Finally, the State moves to dismiss Mr. Chiellini's remaining two grounds because he did not raise them in the state court and therefore they are unexhausted. (*Id.* at 6, citing 28 U.S.C. § 2254(b)(1)(A)).

Mr. Chiellini objects to the motion to dismiss, arguing that grounds on and two contain violations of established federal constitutional law. (ECF No. 7). As to the last two grounds, he asserts that they are unexhausted only because he was prevented from raising them in state court and asks this Court to enter a "stay and abeyance order," presumably staying the exhausted claims until he can pursue the unexhausted ones in state court and obtain a final state court ruling.

## STANDARD OF REVIEW

This Court is aware of the limited review available to Mr. Chiellini. Both United States Supreme Court precedent, *see, e.g., Cavazos v. Smith*, -- U.S. --, 132 S.Ct. 2 (2011), and the Congressional mandate contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, restrict federal court review of state court convictions and

4

sentences. The AEDPA, as codified in § 2254(d)'s limited review, "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)). Where the State court adjudicates a claim on the merits, a federal court may grant habeas relief only if the state court's "adjudication of the claim" was either "contrary to, or involv[ing] an unreasonable application of [] clearly established Federal law, as determined by the Supreme Court of the United States" or based on "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1). A state court's factual determinations are presumed to be correct, with the petitioner bearing "the burden of rebutting the presumption or correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

However, before a federal court can reach the merits of a habeas claim, the petitioner must satisfy "certain preliminary criteria." *McCambridge v. Hall*, 303 F.3d 24, 34 (1st Cir. 2002). Specifically, the petitioner "must have fairly presented his claims to the state courts and must have exhausted his state court remedies." *Id.* (citing 28 U.S.C. § 2254(b)(1)(A)). Because Mr. Chiellini acknowledges that he did not raise two of his grounds in his state adjudication, the Court turns first to analyze whether he has met the preliminary criteria of exhaustion.

## ANALYSIS

To meet the burden of fair presentment and exhaustion, "the petitioner must demonstrate that he tendered each claim "'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994)). The First Circuit Court of Appeals has held that "the exhaustion doctrine requires a habeas applicant to do more

5

than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

Turning to his Petition, ground three asserts that one of Mr. Chiellini's trial attorneys "brought down a plea agreement contract in courthouse lockup which stated a plea of 50 years with 35 to serve, and both [the attorney] and [Mr. Chiellini] signed it. [Mr. Chiellini] believed at the time that the offer in fact came from the state prosecutor." (ECF No. 1 at 8). In ground four, Mr. Chiellini alleges that the "[t]rial judge's jury instructions prejudiced [him] by the nature and language that they were given in[] violation of the 6th and 14th Amendments to the U.S. Constitution." (*Id.* at 10). The Court need not consider whether these grounds were "needles in a haystack" within the state court record because Mr. Chiellini acknowledges that he did not raise ground three or four on direct appeal. (*Id.* at 8, 10). The State asks the Court to reject these grounds as unexhausted.[3] (ECF No. 3 at 6).

Because Mr. Chiellini does not dispute that he did not raise these grounds in the state court, his Petition is considered a "mixed petition." Generally, a petitioner who submits a mixed petition that includes both exhausted and unexhausted claims must resubmit a petition with only

---

[3] It is clear to this Court that Mr. Chiellini's state filings were lacking in specificity, particularly in his final appeal to the Rhode Island Supreme Court, further justifying the conclusion that his claims were not fairly presented. The Rhode Island Supreme Court found that Mr. Chiellini "failed to indicate the precise issues that he is challenging on appeal. It is well-settled that a 'mere passing reference to an argument ***, without meaningful elaboration, will not suffice to merit appellate review.'" *Chiellini v. State*, 95 A.3d at 396 (quoting *State v. Day*, 925 A.2d 962, 974 n. 19 (R.I. 2007)). That court also relied on its decision in *DeAngelis v. DeAngelis*, 923 A.2d 1274, 1282 n. 11 (R.I. 2007), which concluded that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue."

exhausted claims,[4] or voluntarily dismiss the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Under some limited circumstances, a district court may also stay the mixed petition, hold it in abeyance for the petitioner to exhaust all claims, and then adjudicate the petition after all claims have been exhausted. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Mr. Chiellini

---

[4] This is not to say that the Court finds merit to the exhausted issues in grounds one and two. As stated previously, where the State court adjudicates a claim on the merits, a federal court may grant habeas relief only if the state court's "adjudication of the claim" either
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's factual determinations are presumed to be correct, with the petitioner bearing "the burden of rebutting the presumption or correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As to ground one, Mr. Chiellini takes issue with the constitutional correctness of the Rhode Island Supreme Court's holding that the trial justice's inquiry into a juror's telephone call to an attorney was sufficient and the fact that the juror called an attorney without more did not require him to declare a mistrial. It does not appear to the Court at this time that there is anything about the state court ruling that is contrary to established federal law. *See Remmer v. United States*, 347 U.S. 227, 229-30 (1954); *Smith v. Phillips*, 455 U.S. 209, 217 (1982) (in both cases, the United States Supreme Court suggested that due process recommends that a trial judge, should he become aware of a possible source of juror bias, act to determine the circumstances, the impact thereof upon the juror, and whether or not any such possible source of juror bias proves to be prejudicial.)

As to ground two, Mr. Chiellini argues that his attorney rendered constitutionally deficient representation in 1995 by allegedly failing to convey to him an offer by the prosecution who would agree to dispose of the case if he pled to second degree murder for which he would receive a forty-five year sentence. (ECF No. 1 at 6). He argues that he is entitled to relief because the state court's determination that this argument was not supported by the factual record was unreasonable. However, "[a] state court's factual findings are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence." *Companonio v. O'Brien*, 672 F.3d 101, 109 (1st Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)). Mr. Chiellini has not satisfied this burden because he has not presented any evidence, let alone clear and convincing evidence, that the state court's finding was not correct.

It does not appear to the Court at this time that either of the state court's rulings was contrary to federal law as determined by the United States Supreme Court or that there is any reason to question the propriety of the factual determination reached by the post-conviction relief hearing justice. Therefore, as to both exhausted grounds, the Court finds that, even if this were not a mixed petition and were properly before the Court, habeas relief would be denied on those grounds.

requests a "stay and abeyance" on the exhausted claims so that he can now pursue the unexhausted claims in state court. (ECF No. 7 at 10). However, this procedure should be applied in limited circumstances so as not to "undermine Congress' design in AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process." *Josselyn v. Dennehy*, 475 F.3d 1, 4 (1st Cir. 2007). Therefore, courts will only approve a stay of a mixed petition if the petitioner can "show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* (quoting *Rhines*, 544 U.S. at 278). Here, the Court finds that Mr. Chiellini has failed to demonstrate good cause or meritorious claims in the face of failing to exhaust his state court remedies on either ground.

In support of a "good cause" exception, Mr. Chiellini argues for a stay and abeyance because he directed two different appellate counselors to raise these issues, but they refused. While the Court notes that one of his attorneys filed a *State v. Shatney* "no merits" brief, *see* footnote 2 *supra*, there is nothing in the record to support Mr. Chiellini's contention that he asked his attorneys to raise these issues and that they refused. Moreover, at one point during his state case, Mr. Chiellini represented himself and there is no evidence that he raised either of these issues, prompting this Court's conclusion that the issues were not considered meritorious by either Mr. Chiellini or his attorneys. There is nothing in the record that would establish that good cause existed for the failure to raise grounds three and four in the state court. It is evident from the Rhode Island Supreme Court's focus on Mr. Chiellini's failure to precisely identify any issues that he was challenging on appeal that he did not have good cause for not presenting them and they did not have merit. Therefore, the Court declines to issue a stay and abeyance order on this mixed Petition.

## CONCLUSION

Mr. Chiellini received a fair trial in the state courts and he was afforded a fair opportunity to present his legal arguments on appeal, in post-conviction relief, and for a second time on appeal. He failed to exhaust two of those arguments in state court, preventing this Court from reaching the merits of this mixed Petition. The State's Motion to Dismiss (ECF No. 3) Mr. Chiellini's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody' is GRANTED. Mr. Chiellini's Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as unexhausted.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

May 28, 2015